# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

IN RE: ETHICON, INC.
    PELVIC REPAIR SYSTEM                    MDL NO. 2327
    PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

*Deanna Gail Hutchison v. Ethicon, Inc., et al.*        Civil Action No. 2:12-cv-01711

## ORDER

Pending is defendant's Motion to Strike Errata to Dr. Lennox Hoyte's Deposition [ECF No. 48] filed August 18, 2016. Briefing is complete and, therefore, defendant's motion is ripe for review. For the reasons detailed below, the defendant's Motion is **GRANTED.**

Dr. Lennox Hoyte ("Dr. Hoyte") gave a deposition on June 20, 2016. He filed an errata sheet for that deposition on July 19, 2016, making substantive changes to his testimony. Def's Mot. Strike Errata [Def.'s Mot.], Ex. B, at 2 [ECF No. 48-2]. Defendant filed a motion to strike the errata sheet, arguing that the errata submitted by Dr. Hoyt failed to comply with the procedural limitations set forth in Federal Rule of Civil Procedure 30(e). *See* Fed.R.Civ.P. 30(e). Specifically, defendant argues that Dr. Hoyte failed to articulate the reasons for making his changes on the errata form. Def.'s Mot. 1 [ECF No. 48].

Federal Rule of Civil Procedure 30(e) permits a deponent "30 days after being notified ... that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a

statement listing the changes and the reasons for making them." Fed.R.Civ.P. 30(e). First, the Court finds that that there is no issue with the timeliness of Dr. Hoyte's errata. The record reveals that Dr. Hoyte signed his errata sheet on July 15, 2016, which was necessarily within 30 days of the transcript's availability. Def.'s Mot. Ex. B., at 3 [ECF 48–2]. Accordingly, the errata sheet itself was timely, and the only inquiry relates to the adequacy of its contents.

Rule 30(e) requires strict adherence with the technical requirements of Rule 30(e). *Holland v. Cedar Creek Mining, Inc.,* 198 F.R.D. 651, 652–53 (S.D.W.Va. 2001); *see also Hershberger v. Ethicon Endo-Surgery, Inc.*, No. 2:12-cv-00837, 2012 WL 1067941, at *3 (S.D.W.Va. March 29, 2012).The errata sheet Dr. Hoyte submitted on July 15, 2016, does not contain specific "reasons for making [his changes]," as required by Rule 30(e). As such, defendant's motion [ECF No. 48] is **GRANTED** and Dr. Hoyte's errata sheet is **STRICKEN** from the record in this case.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 27, 2018

_____
ROBERT C. CHAMBERS, CHIEF JUDGE